**Fill in this information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Cranford E Threats, SR | |
| Debtor 2 (Spouse, if filing) | Joyce J Threats | |
| United States Bankruptcy Court for the: | Northern | District of IL (State) |
| Case number | 18-20223 | |

Official Form 410S1

# Notice of Mortgage Payment Change

12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** U.S. Bank Trust National Association, as Trustee of Chalet Series III Trust

**Court claim no.** (if known): 3-1

**Last 4 digits** of any number you use to identify the debtor's account: 4860

**Date of payment change:**
Must be at least 21 days after date of this notice: 12/01/2020

**New total payment:** $ 1,081.65
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

1. **Will there be a change in the debtor's escrow account payment?**
   - [ ] No
   - [x] Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   Current escrow payment: $ _____    New escrow payment: $ _____

## Part 2: Mortgage Payment Adjustment

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**
   - [ ] No
   - [x] Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   Current interest rate: 4.00 %    New interest rate: 4.25 %
   Current principal and interest payment: $ 570.17    New principal and interest payment: $ 588.81

## Part 3: Other Payment Change

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**
   - [x] No
   - [ ] Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (*Court approval may be required before the payment change can take effect.*)

   Reason for change: _____

   Current mortgage payment: $ _____    New mortgage payment: $ _____

| Debtor 1 | Cranford E Threats, SR | Case number (if known) | 18-20223 |
|---|---|---|---|
| | First Name  Middle Name  Last Name | | |

### Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ /s/ Michelle Ghidotti
Signature

Date: 10/29/2020

Print: Michelle Ghidotti
First Name   Middle Name   Last Name

Title: AUTHORIZED AGENT

Company: Ghidotti Berger LLP.

Address: 1920 Old Tustin Ave.
Number   Street
Santa Ana, CA 92705
City   State   ZIP Code

Contact phone: (949) 427 - 2010

Email: bknotifications@ghidottiberger.com

# Loan Modification Agreement

Account Number:

THIS LOAN MODIFICATION AGREEMENT ("Agreement"), made as of July 1, 2013 (the "Modification Effective Date"), between JOYCE THREATS & CRANFORD THREATS SR ("Borrower(s)") and **Wells Fargo Home Mortgage** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated July 25, 2007 and (2) the adjustable rate/fixed rate note (the "Note"), bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument, and defined therein, as the "Property," located at:

3138 15TH ST<br>
NORTH CHICAGO, IL 60064

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of July 5, 2013, the amount payable under the Note and Security Instrument is U.S. $142,049.70 (the "Unpaid Principal Balance" may include Previously Deferred Amounts).

2. This Agreement hereby modifies the following terms of the Note and Security Instrument described herein above as follows:

   A. The amount to be capitalized will be $31,719.94. Amounts capitalized may include, but are not limited to: Interest, Escrow Advance, and Recoverable Expenses*.

      *Recoverable Expenses may include, but are not limited to: Title, Attorney fees/costs, BPO/Appraisal, and/or Property Preservation/Property Inspections.

   B. Lender will waive outstanding Late Charges and NSF Fees.
   C. $31,719.94 of the Principal Balance shall be deemed as principal forgiven. Borrower(s) acknowledges that principal forgiven as part of this loan modification is reported to the IRS and may have tax consequences.
   D. The modified Unpaid Principal Balance is $142,049.70 (the "New Principal Balance").
   E. The New Principal Balance less any Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance."
   F. $749.70 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower(s) will not pay interest or make monthly payments on this amount.
   G. Borrower(s) agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date an interest in the Property is sold or transferred, (ii) the date on which the entire Interest Bearing Principal Balance is paid off, or (iii) the Maturity Date. Borrower(s) agrees that any partial prepayments of principal may be applied at Lender's discretion first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

      **Notice to Borrower(s):** The Deferred Principal Balance will result in a balloon payment. A balloon payment is a lump sum payment due at the end of the loan. If you do not have the funds to pay the balloon payment when it comes due, you may have to obtain a new loan against your property to make the balloon payment. In that case, you may have to pay commissions, fees, and expenses for the arranging of the new loan. In addition, if you are unable to make the monthly payments or the balloon payment, you may lose the property and all of your equity through foreclosure. Keep this in mind in deciding upon this modification.
   H. Under the terms of this Agreement, the Interest Bearing Principal Balance is $141,300.00.

I. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of July 1, 2013 (The "Interest Effective Date") and the first new monthly payment on the Interest Bearing Principal Balance will be due on August 1, 2013 Interest due on each monthly payment will be calculated by multiplying the Interest Bearing Principal Balance and interest rate in effect at the time of calculation and dividing the result by twelve (12). My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Monthly Escrow Payment Amount* | Total Monthly Payment Including Escrow Amounts* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1 - 5 | 2.000% | July 1, 2013 | $427.89 | $673.24 | $1,101.13 | August 1, 2013 | 60 |
| 6 | 3.000% | July 1, 2018 | $497.11 | $673.24 | $1,170.35 | August 1, 2018 | 12 |
| 7 | 4.000% | July 1, 2019 | $570.17 | $673.24 | $1,243.41 | August 1, 2019 | 12 |
| 8 - 40 | 4.250% | July 1, 2020 | $588.81 | $673.24 | $1,262.05 | August 1, 2020 | 396 |

*Payment amount subject to change based on periodic Escrow reviews

3. Borrower(s) will continue to make monthly payments on the same day of each succeeding month until principal and interest are paid in full, except that, if not sooner paid, the final payment of principal and interest shall be due and payable on July 1, 2053 which is the Maturity Date. In addition to monthly principal and interest payments, Borrower(s) shall make monthly escrow deposits.

4. Borrower(s) understands and agrees that:

   A. All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.
   B. All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's(s') obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise hereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.
   C. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Further, except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower(s) and Lender will be bound by, and shall comply with, all of the terms and provisions thereof, as amended by this Agreement.
   D. All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and other fees incurred by Lender as part of this modification, may be paid by the Borrower(s), unless stipulated otherwise by Lender, and shall be secured by the Security Instrument.

E. Borrower(s) agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to their heirs, executors, administrators, and assigns of the Borrower(s).

F. The undersigned Borrower(s) acknowledge receipt and acceptance of the Borrower(s) Acknowledgements, Agreements, and Disclosures Document (BAAD).

G. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Truth in Lending statement.

H. If included, the undersigned Borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure.

I. That (he/she/they) (is/are) the Borrower(s) on the above-referenced Mortgage Loan serviced by **Wells Fargo Home Mortgage.** That (he/she/they) have experienced a financial hardship or change in financial circumstances since the origination of (his/her/their) Mortgage Loan. That (he/she/they) did not intentionally or purposefully default on the Mortgage Loan in order to obtain a loan modification.

J. By signing this Agreement I hereby consent to being contacted concerning this loan at any cellular or mobile telephone number I may have. This includes text messages and telephone calls including the use of automated dialing systems to contact my cellular or mobile telephone. You will not be billed by your cellular or mobile carrier for any text messages you may receive from **Wells Fargo Home Mortgage**, however any calls we place to your cellular or mobile phone will incur normal airtime charges assessed by your mobile carrier.

Borrower(s) agrees that (a) Borrower(s) has read this Agreement in its entirety; (b) Borrower(s) has consulted, or had opportunity to consult, with an attorney of Borrower's(s') choosing; and (c) Borrower(s) has voluntarily entered into this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Modification Effective Date.

_____       _Joyce Threats_____ (Seal)
Wells Fargo Bank, N.A.                 Borrower JOYCE THREATS

                                       _7-8-2013_____
                                       Date

Name: _____        _Cranford Threats Sr_ (Seal)
                                       Borrower CRANFORD THREATS SR
Its: _____
                                       _7-8-2013_____
                                       Date

_____        _____ (Seal)
Date                                   Borrower

                                       _____
                                       Date

                                       _____ (Seal)
                                       Borrower

                                       _____
                                       Date

Loan Modification Agreement        Page 4 of 3

## CERTIFICATE OF SERVICE

On October 29, 2020, I served the foregoing documents described as Notice of mortgage payment change on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
**Joseph R Doyle**
joe@bizardoylelaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Maben May
Maben May

On October 29, 2020, I served the foregoing documents described as Notice of mortgage payment change on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTOR
**Cranford E Threats, SR**
3138 15th St
North Chicago, IL 60064

*Debtor 2*
**Joyce J Threats**
3138 15th St
North Chicago, IL 60064

*Trustee*
**Glenn B Stearns**
801 Warrenville Road Suite 650
Lisle, IL 60532

*U.S. Trustee*
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Maben May
Maben May